UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KHALEEL ARTIS,<br>        Plaintiff,<br><br>        v.<br><br>EXPERIAN; TRANSUNION; and<br>EQUIFAX INFORMATION SERVICES;<br>        Defendants. | :<br>:<br>:<br>:<br>:    No. 5:24-cv-0902<br>:<br>:<br>:<br>: |

**O P I N I O N**
Motions to Dismiss, ECF Nos. 9, 26 – Granted

**Joseph F. Leeson, Jr.**                                                                           August 27, 2024
**United States District Judge**

**I.    INTRODUCTION**

This action arises from alleged inaccurate reporting on Plaintiff's credit report. Defendants, credit reporting agencies, have moved to dismiss. Since the Complaint lacks specific factual allegations showing any violations of the Fair Credit Reporting Act ("FCRA"), it is dismissed for the reasons more fully discussed below. Plaintiff is given leave to amend two of his five claims.

**II.   BACKGROUND**

Plaintiff Khaleel Artis initiated this action pro se against three credit reporting agencies alleging that "there was inaccurate reporting of old accounts" on his credit report, which he notified Defendants of in or about December 2023 and again in January 2024. *See* Compl. ¶¶ 18-23, ECF No. 1. The credit reporting agencies responded to Artis's January letter stating that they would not reinvestigate "unless there was 'relevant information' to support their claim." *Id.* ¶ 26. Artis asserts five counts under the FCRA: (I) a violation of 15 U.S.C. § 1681e(b) for

failing to establish or follow reasonable procedures to assure maximum possible accuracy of the information in the report; (II) a violation of 15 U.S.C. § 1681b(2) for not obtaining Artis's written instructions to furnish the inaccurate accounts on his consumer credit report; (III) a violation of 15 U.S.C. § 1681a(2)(i) for not excluding information solely as to transactions or experiences between the consumer and the person making the report; (IV) a violation of 15 U.S.C. § 1681a(2)(iii) for not excluding information among persons related by ownership or affiliated by corporate control; and (V) a violation of 15 U.S.C. § 1681a(e) for not conducting a consumer investigative report to confirm their investigation and accurate reporting.

Defendants Experian Information Solutions, Inc. and Equifax Information Services, LLC jointly filed a Motion to Dismiss. *See* ECF No. 9. They argue that the Complaint lacks any substantive allegations, alleging only that Artis's consumer reports contain inaccurate information, but failing to state what was allegedly inaccurate or specifically identifying the accounts at issue or the alleged inaccuracies. *Id.* at 6. They assert that Artis cannot rely on exhibits to remedy the plausibility deficiencies in the Complaint and, regardless, the exhibits fail to provide any further clarity on the accounts or alleged inaccuracies. *Id.* at 6-7. They further contend that Counts III, IV, and V fail as a matter of law. *Id.* at 7-8.

Transunion also filed a Motion to Dismiss. *See* ECF No. 26. Transunion argues that Plaintiff's Complaint, which refers merely to "old accounts" on his consumer report, "inaccuracies," and "numerous violations of the FCRA," is conclusory and fails to satisfy Rule 8 pleading standards. *See id.*; *See also* ECF No. 31. Transunion further contends that it did not need Artis's permission before preparing a consumer report as long as it was not furnished for an impermissible purpose, which Artis does not allege. *See* at 7-8. Transunion submits that Counts

III, IV, and V additionally fail because these claims rest upon a misunderstanding of the definitions portion of the FCRA.  *See id.* at 8.

Artis filed a brief in opposition to each motion.  *See* ECF No. 18; ECF No. 30.

## III. LEGAL STANDARDS

### A. Motion to Dismiss – Review of Applicable Law

Under Rule 12(b)(6), the court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff."  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).  Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim.  *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.*  (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").  "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).  Additionally, "a document integral to or explicitly relied upon in the complaint may be considered."  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted).  The defendant bears the burden of proving that a plaintiff has

failed to state a claim upon which relief can be granted. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

      **B.**     **Fair Credit Reporting Act claim, 15 U.S.C. § 1681e(b) – Review of Applicable Law**

Section 1681e(b) of the FCRA provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). A "case of negligent noncompliance with § 1681e(b) consists of four elements: (1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry." *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996). "[F]actually incorrect information is 'inaccurate' for purposes of FCRA." *Seamans v. Temple Univ.*, 744 F.3d 853, 865 (3d Cir. 2014). Additionally, "even if the information is technically correct, it may nonetheless be inaccurate if, through omission, it create[s] a materially misleading impression." *Id.* (internal quotations omitted). "Reasonable procedures are those that a reasonably prudent person would [undertake] under the circumstances. Judging the reasonableness of a[credit reporting] agency's procedures involves weighing the potential harm from inaccuracy against the burden of safeguarding against such inaccuracy." *Philbin*, 101 F.3d at 963 (internal quotations and citations omitted).

    **C.**    **Fair Credit Reporting Act claim, 15 U.S.C. § 1681b(2) – Review of Applicable Law**

Section 1681b of the FCRA details the permissible purposes of consumer reports. *See* 15 U.S.C. § 1681b. "The Third Circuit has not adopted elements to sustain a permissible purpose claim under § 1681b, but other jurisdictions require the following: (1) there was a consumer report within the meaning of the statute; (2) the defendant used or obtained it; and (3) the defendant did so without a permissible statutory purpose." *West v. TransUnion LLC*, No. 2:23-cv-04051-JDW, 2024 U.S. Dist. LEXIS 102418, at *3-4 (E.D. Pa. June 10, 2024).

**IV.**    **ANALYSIS**

    **A.**    **Count I, 15 U.S.C. § 1681e(b), is dismissed without prejudice.**

Artis alleges that Defendants failed to establish or follow reasonable procedures to assure maximum possible accuracy of the information in his credit report. He alleges there was "inaccurate reporting of old accounts," but never identifies these accounts. *See* Compl. ¶ 18. Artis also alleges that he informed Defendants of "numerous violations," but does not specify the alleged violations. *See id.* ¶ 19. His allegations of "inaccurate" and "unauthorized" reporting, *see id.* ¶¶ 23, 28, 30, are conclusory and not afforded the presumption of truth. Although a pro se plaintiff is entitled to liberal construction of his complaint, he is not excused from complying with federal pleading rules. In the absence of any facts explaining how the information was inaccurate and unauthorized, Artis fails to state a claim. *See George v. Transunion Corp.*, No. 22-4967, 2023 U.S. Dist. LEXIS 138185, at *7 (E.D. Pa. Aug. 7, 2023) (dismissing the FCRA claims where the pro se plaintiff "sets forth no facts describing which specific information contained in her consumer reports is inaccurate"). *See also Holland v. Trans Union, LLC*, 574 F. Supp. 3d 292, 298 (E.D. Pa. 2021) (holding that the "Court does not need to reach or consider

the reasonableness of a credit reporting agency's procedures . . . unless the information contained in the report is inaccurate"). Count I is dismissed without prejudice.[1]

### B. Count II, 15 U.S.C. § 1681b, is dismissed without prejudice.

Initially, the Court notes that Artis alleges a violation of 15 U.S.C. § 1681b(2), but there is no such section.  It appears that Artis meant to cite to § 1681b(a)(2), which states that a "consumer reporting agency may furnish a consumer report under the following circumstances and no other: . . . [i]n accordance with the written instructions of the consumer to whom it relates." 15 U.S.C. § 1681b(a)(2).  However, supplying a report pursuant to a consumer's written instructions is only one of several circumstances under which a consumer reporting agency may furnish a consumer report.  *See* 15 U.S.C. § 1681b(a)(1)-(6); *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011) (holding that "the statute expressly permits distribution of a consumer report to an entity that intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer" (internal quotations omitted)).  Accordingly, in the absence of any allegations that the other permissible circumstances did not apply or that Defendants furnished the report for an impermissible purpose, Artis fails to state a claim under this section.  The Complaint also fails to state a claim under § 1681b because it does not allege that Defendants actually furnished the report to anyone, nor does it identify to whom Defendants furnished the report.  Count II is dismissed without prejudice.

---

[1]  *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (holding that "if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile")

**C.     Counts III, IV, and V under 15 U.S.C. § 1681a fail as a matter of law.**

Section 1681a provides the definitions and rules of construction applicable for purposes of the FCRA.  This section does not create a private cause of action.  *See Murray v. Capital One, N.A.*, No. 21-1113, 2021 U.S. Dist. LEXIS 234435, at *10 (W.D. Pa. Dec. 7, 2021) (concluding that the plaintiff failed to state a viable claim upon which relief can be granted because 15 U.S.C. § 1681a, which is a statutory provision providing definitions and rules of construction, does not provide for a cause of action); *Crisafulli v. Ameritas Life Ins. Co.*, No. 13-5937, 2015 U.S. Dist. LEXIS 56499, at *16 (D.N.J. Apr. 29, 2015) "("[U]nlike other sections of FCRA, there is no mention of civil liability for violations of § 1681a nor any other indication that § 1681a was meant to create a cause of action.").  Counts III, IV, and V, which are based on different subsections of 15 U.S.C. § 1681a, are therefore dismissed with prejudice.

**D.     Artis may file an amended complaint as to Counts I and II only.**

Artis may file an amended complaint as to counts I and II, only.  He is advised that the "amended complaint must be complete in all respects." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  It must be a new pleading which stands by itself without reference to the original complaint.  *Id.*  The amended complaint must include specific factual allegations as to each of the Defendants and each of the elements of each claim, including, *inter alia*, the accounts at issue, the alleged inaccurate information in his consumer reports, and the allegedly impermissible purposes for which Defendant furnished the report.  The amended complaint "may not contain conclusory allegations[; r]ather, it must establish the existence of specific actions by the defendants which have resulted in [statutory] deprivations." *Id.* (citing *Rizzo v. Goode*, 423 U.S. 362 (1976)).  Additionally, Artis is advised that he may not simply attach exhibits to his amended complaint to satisfy his pleadings requirements.  "The amended complaint must be

'simple, concise, and direct' as required by the Federal Rules of Civil Procedure." *Id.* (citing Fed. R. Civ. P. 8(e)(1)).

## V.    CONCLUSION

Artis makes conclusory allegations that his credit report was inaccurate, but offers no facts to explain what was inaccurate. He therefore fails to state a claim under 15 U.S.C. § 1681e(b). He also fails to state a claim under 15 U.S.C. § 1681b because there are no allegations that Defendants furnished his report for an impermissible purpose. The remaining claims, which are based on definitions applicable to the FCRA, fail as a matter of law because the statute section he cites does not provide for a private cause of action. Counts I and II are dismissed without prejudice for failure to state a claim. Counts III, IV, and V are dismissed with prejudice because they fail as a matter of law.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge