UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

KHALEEL ARTIS, :
    Plaintiff, :
:
v. : No. 5:24-cv-0902
:
EXPERIAN and TRANSUNION; :
    Defendants. :

**O P I N I O N**
**Motion to Dismiss Amended Complaint, ECF No. 36 – Granted in part, Denied in part**

**Joseph F. Leeson, Jr.**                                                               **March 19, 2025**
**United States District Judge**

**I.**     **INTRODUCTION**

This action arises under the Fair Credit Reporting Act ("FCRA") from alleged inaccurate reporting on Plaintiff Khaleel Artis's credit report. Three of his claims were previously dismissed with prejudice and Artis was afforded leave to amend the remaining two claims. Artis filed an Amended Complaint, which Defendant TransUnion[1] has moved to dismiss. For the reasons set forth below, the Motion to Dismiss is denied as to Count I and granted as to Count II.

**II.**     **BACKGROUND**

Artis initiated this action pro se against three credit reporting agencies, all of whom moved to dismiss the Complaint. An Opinion and Order was issued on August 27, 2024, dismissing with prejudice the claims alleging violations of 15 U.S.C. §§ 1681a(2)(i),

---

[1]     Defendant Experian filed an Answer to the Amended Complaint. *See* ECF No. 40. Artis voluntarily dismissed his claims against Defendant Equifax Information Services LLC. *See* ECF No. 41.

1681a(2)(iii), and 1681a(e). *See* ECF Nos. 32-33. The claims under 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681b(2) were dismissed without prejudice. In that Opinion, this Court advised Artis of the pleading deficiencies in each of his claims. *See* Opn. 5-7, ECF No. 32.[2] Artis filed an Amended Complaint alleging a violation of 15 U.S.C. § 1681e(b) for failing to establish or follow reasonable procedures to assure maximum possible accuracy of the information in the report (Count I) and a violation of 15 U.S.C. § 1681b(2) for not obtaining Artis's written instructions to furnish the inaccurate accounts on his consumer credit report (Count II). *See* Am. Compl., ECF No. 34.

Artis alleges that on November 28, 2023, he notified Defendants about the inaccurate credit reporting on his credit reports. *See id.* ¶¶ 18-20. In his letter to TransUnion, Artis asserted that six (6) accounts must be deleted and listed the name of the accounts and account numbers for each.[3] *See* Ex. A[4] (regarding "Privacy Violation"). On December 12, 2023, TransUnion responded stating that its investigation of the dispute was complete and that it verified and/or

---

[2] As to Count I, under 15 U.S.C. § 1681e(b), this Court determined that while Artis alleged there was "inaccurate reporting of old accounts" he never identified these accounts, and that his allegations of "inaccurate" and "unauthorized" reporting were conclusory in the absence any facts explaining how the information was inaccurate and unauthorized. *See* Opn. 5 (citing *George v. Transunion Corp.*, No. 22-4967, 2023 U.S. Dist. LEXIS 138185, at *7 (E.D. Pa. Aug. 7, 2023) (dismissing the FCRA claims where the pro se plaintiff "sets forth no facts describing which specific information contained in her consumer reports is inaccurate")). As to Count II, an alleged violation of 15 U.S.C. § 1681b(2), this Court explained that "there is no such section." *See* Opn. 6. Liberally construing the pleadings, this Court concluded that Artis meant to cite to § 1681b(a)(2); however, because he alleged that only one of several circumstances under which a consumer reporting agency may furnish a consumer report was absent, he failed to state a violation of § 1681b(a)(2). *See id.* The claim also failed because Artis did not allege that Defendants furnished the report to anyone, nor did he identify to whom Defendants furnished the report. *See id.*

[3] The names of the accounts are Discover Bank, Capital One, JPMCB Card Service, Best Buy/CBNA, and Affirm INC (two accounts). *See* Ex. A.

[4] All exhibits referenced herein are incorporated in and attached to the Amended Complaint. *See* ECF No. 41.

updated information pertaining to three (3) accounts, one of which was not listed in Artis's dispute letter. *See* Ex. C1. There was no mention of the remaining four (4) disputed accounts: JPMCB Card Service; Capital One m5718. . ., and Affirm INC (two accounts). *See id.* The letter stated: "[s]hould you wish to receive the above description of the procedures we used to investigate your dispute. . . please contact TransUnion." *See id.*

On January 16, 2024, Artis sent a second letter to TransUnion asking about the steps TransUnion took to verify the accuracy of the original six (6) accounts as well as the additional Capital One account that was included in TransUnion's December 12, 2023 response.[5] *See* Am. Compl. ¶ 25; Ex. D (regarding "Method of Verification"). TransUnion responded on February 9, 2024, stating that its investigation of the dispute was complete and that it verified and updated information pertaining to the Capital One account from Artis's November 28, 2023 dispute letter, as well as to the account with JPMCB Card Service. *See* Ex. F.[6] There was no mention of the other accounts or of the investigation procedures used. *See id.* The letter again stated: "[s]hould you wish to receive the above description of the procedures we used to investigate your dispute. . . please contact TransUnion." *See id.* Artis alleges that TransUnion ignored his method of verification request. *See* Am. Compl. ¶ 31. In September 2024, TransUnion removed one of the Capital One accounts from Artis's credit report. *See id.* ¶ 33; Ex. H.

Defendant TransUnion has filed a Motion to Dismiss. *See* Mot., ECF No. 36. Artis responded in opposition to the Motion, *see* Resp., ECF No. 43, and TransUnion filed a Reply, *see* Reply, ECF No. 44.

---

[5] The letter provided the account names and numbers for all seven (7) accounts.
[6] As to the Capital One account 5178. . ., TransUnion updated the "Date Updated; Maximum Delinquency; Rating; Historical Trended Data." *See* Ex. F. Of note, this account was closed on July 22, 2023, and the balance charged off in July 2023.

### III. LEGAL STANDARDS

### A. Motion to Dismiss – Review of Applicable Law

Under Rule 12(b)(6), the court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). This Court construes *pro se* pleadings liberally. *See Higgs v. AG of the United States*, 655 F.3d 333, 339 (3d Cir. 2011). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Additionally, "a document integral to or explicitly relied upon in the complaint may be considered." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted). The defendant bears the burden of proving that a plaintiff has failed to state a claim upon which relief can be granted. *See Hedges v. United States*, 404

F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

>    B.    **Fair Credit Reporting Act claim, 15 U.S.C. § 1681e(b) – Review of Applicable Law**

Section 1681e(b) of the FCRA provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  15 U.S.C. § 1681e(b).  A "case of negligent noncompliance with § 1681e(b) consists of four elements: (1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry."  *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996).  "[F]actually incorrect information is 'inaccurate' for purposes of FCRA."  *Seamans v. Temple Univ.*, 744 F.3d 853, 865 (3d Cir. 2014).  Additionally, "even if the information is technically correct, it may nonetheless be inaccurate if, through omission, it create[s] a materially misleading impression."  *Id.* (internal quotations omitted).  "Reasonable procedures are those that a reasonably prudent person would [undertake] under the circumstances.  Judging the reasonableness of a [credit reporting] agency's procedures involves weighing the potential harm from inaccuracy against the burden of safeguarding against such inaccuracy."  *Philbin*, 101 F.3d at 963 (internal quotations and citations omitted).

>    C.    **Fair Credit Reporting Act claim, 15 U.S.C. § 1681b – Review of Applicable Law**

Section 1681b of the FCRA details the permissible purposes of consumer reports.  *See* 15 U.S.C. § 1681b.  "The Third Circuit has not adopted elements to sustain a permissible purpose

5
031925

claim under § 1681b, but other jurisdictions require the following: (1) there was a consumer report within the meaning of the statute; (2) the defendant used or obtained it; and (3) the defendant did so without a permissible statutory purpose." *West v. TransUnion LLC*, No. 2:23-cv-04051-JDW, 2024 U.S. Dist. LEXIS 102418, at *3-4 (E.D. Pa. June 10, 2024).

## IV.   ANALYSIS

### A.   The request to dismiss Count I, 15 U.S.C. § 1681e(b), is denied.

Artis alleges that TransUnion violated the FCRA by failing to establish or follow reasonable procedures to assure maximum possible accuracy of the information in his credit report.[7] *See* Am. Compl. ¶ 41. Although he has sufficiently identified the disputed accounts, *see* Exs. A and D, he again fails to specify what information was inaccurate or why he was disputing the accounts. Liberally construing his pleadings; however, there are sufficient allegations from which to reasonably infer at least some inaccuracies. Specifically, TransUnion's investigation report dated December 12, 2023, did not mention the Capital One account 5178. . ., which Artis had disputed. *See* Ex. C1. However, in TransUnion's investigation report dated February 9, 2024, it made changes to this account in the areas of "Date Updated; Maximum Delinquency; Rating; Historical Trended Data." *See* Ex. F.[8] Updates in maximum delinquency and rating are

---

[7]   Artis also alleges that TransUnion ignored his method of verification request in violation of sections 1681e(b) and 1681d(b). *See* Am. Compl. ¶ 31; Exs. D, F. *See also* 15 U.S.C. § 1681d(b) ("Any person who . . . causes to be prepared an investigative consumer report on any consumer shall, upon written request made by the consumer within a reasonable period of time . . . make a complete and accurate disclosure of the nature and scope of the investigation requested . . . ."); 15 U.S.C. § 1681d(c) (A defendant is not liable under this subsection if "he maintained reasonable procedures to assure compliance."). However, Artis does not bring a separate cause of action under section 1681d(b), and a violation of section 1681d(b) does not state a claim under section 1681e(b).

[8]   This account was closed on July 22, 2023, and the balance charged off in July 2023, *see* Ex. F, so there is no obvious explanation for why the updates in February 2024 should not have been made in December 2023.

the type of information that can be expected to have an adverse effect. *See Seamans*, 744 F.3d at 865 (holding that information is "inaccurate" for purposes of the FCRA if it is "misleading in such a way and to such an extent that [it] can be expected to have an adverse effect"). Artis's allegation that several months after TransUnion investigated the disputed accounts it deleted one of the Capital One accounts, *see* Am. Compl. ¶ 33, also suggests the presence of inaccurate information on his credit report. These updates, as well as TransUnion's failure to mention all the disputed accounts in the investigation reports, implies that TransUnion did not follow reasonable procedures to assure accuracy. Accordingly, at this early stage of the proceedings and with a liberal construction of the pleadings, Artis has alleged sufficient facts to state a claim under 15 U.S.C. § 1681e(b). The Motion to Dismiss Count I is denied.

  **B.**  **Count II, 15 U.S.C. § 1681b, is dismissed with prejudice.**

Once again, Artis alleges a violation of 15 U.S.C. § 1681b(2) despite having been advised that "there is no such section." *See* Opn. 6. Nevertheless, this Court will liberally construe his pleadings as intending to state a claim for a violation of § 1681b(a)(2). This claim is again dismissed because Artis alleges only that TransUnion violated the FCRA by "not obtaining [his] written instructions to furnish the inaccurate accounts on his consumer credit report." *See* Am. Compl. ¶ 43. As this Court previously explained, "supplying a report pursuant to a consumer's written instructions is only one of several circumstances under which a consumer reporting agency may furnish a consumer report." *See* Opn. 6 (citing 15 U.S.C. § 1681b(a)(1)-(6); *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011) (holding that "the statute expressly permits distribution of a consumer report to an entity that intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the

consumer" (internal quotations omitted))). Artis does not allege that the other permissible circumstances did not apply or that TransUnion furnished the report for an impermissible purpose. Count II is therefore dismissed with prejudice[9] for failure to state a claim.

## V.     CONCLUSION

Liberally construing the pleadings, Artis has alleged sufficient facts to state a claim under 15 U.S.C. § 1681e(b) for TransUnion's alleged failure to establish or follow reasonable compliance procedures. The request to dismiss Count I is denied. The request to dismiss Count II, however, is granted because Artis again fails to allege that TransUnion furnished his credit report for an impermissible purpose in violation of 15 U.S.C. § 1681b. The Motion to Dismiss is therefore granted in part and denied in part.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[9] Because Artis was previously given leave to file an amended complaint, granting additional leave to amend would be both futile and inequitable. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (holding that a court may deny leave to amend if a complaint is vulnerable to 12(b)(6) dismissal, if an "amendment would be inequitable or futile"); *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (holding that leave to amend may be denied "based on . . . repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment").